Slip Op. 07-53

UNITED STATES COURT OF INTERNATIONAL TRADE

```
- - - - - - - - - - - - - - - - - x
KYONG TRUONG,                     :
                                  :
          Plaintiff,              :
                                  :
          v.                      :      Before: Pogue, Judge
                                  :      Ct. No. 05-00419
UNITED STATES SEC'Y OF            :
AGRICULTURE,                      :
                                  :
          Defendant.              :
                                  :
- - - - - - - - - - - - - - - - - x
```

[Remanded for consideration of Plaintiff's claim for equitable tolling; Defendant's motion to dismiss denied]

Dated: April 4, 2007

Williams Mullen (Jimmie V. Reyna and Francisco J. Orellana) for Plaintiff;[1]

Peter D. Keisler, Assistant Attorney General; Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (David S. Silverbrand, Trial Attorney) for Defendant United States Secretary of Agriculture.

**MEMORANDUM OPINION**

Pogue, Judge:  The captioned matter is before the court following a prior remand of Plaintiff Kyong Truong's claim for equitable tolling.  See Truong v. United States Sec'y of Agric., 30 CIT __, Slip. Op. 06-150 (Oct. 12, 2006).  On remand, the Secretary of Agriculture ("the Secretary" or "the government") denied Mrs. Truong's claim.  In response, Plaintiff challenges the factual

---

[1]The court would like to express its appreciation to Williams Mullen for representing plaintiff pro bono.

findings upon which the Secretary's redetermination is based.  For the reasons set forth below, the court remands this matter for the government to consider any evidence necessary to make thorough, factual findings, including Mrs. Truong's affidavit in support of her claim for equitable tolling and the affidavit first introduced by the government in its briefing.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction over this action pursuant to 19 U.S.C. § 2395(c).[2]  Pursuant to this statutory provision, the court reviews the remand determination for compliance with the remand order. Cf. NMB Sing. Ltd. v. United States, 28 CIT __, 341 F. Supp. 2d 1327 (2004) (affirming International Trade Commission's determinations on remand where the determinations were in accordance with law, supported by substantial evidence, and otherwise satisfied the remand order); see also Olympia Indus., Inc. v. United States, 23 CIT. 80, 82, 36 F. Supp. 2d 414, 415 (1999) (affirming after "review[ing] Commerce's compliance with these instructions in its Remand Results" and finding the determination to be supported by substantial evidence and in accordance with law).  The court will uphold the government's

---

[2]All references to 19 U.S.C. §§ 2395, 2401 et seq. are to Supplement IV of the 2000 edition of the United States Code (2004).  Otherwise, references to the United States Code are to the 2000 edition.

factual determinations if they are supported by substantial evidence. 19 U.S.C. § 2395(b). The court will uphold the Secretary's legal determinations if they are "in accordance with law." Former Employees of Gateway Country Stores LLC v. Chao, 30 CIT __, __, Slip Op. 06-32 at 9 (March 3, 2006), Former Employees of Elec. Data Sys. Corp. v. United States Sec'y of Labor, 28 CIT __, __, 350 F. Supp. 2d 1282, 1286 (2004), Former Employees of Rohm & Haas Co. v. Chao, 27 CIT 116, 122, 246 F. Supp. 2d 1339, 1346 (2003).

## BACKGROUND[3]

On November 30, 2004, the Secretary recertified Texas shrimpers for trade adjustment assistance ("TAA") under the Trade Adjustment Assistance Reform Act of 2002, Pub. L. 107-210, Title 1, Subtitle C, § 141, 116 Stat. 933, 946 (2002), 19 U.S.C. § 2401(e) (West Supp. 2005). See Trade Adjustment Assistance for Farmers, 69 Fed. Reg. 69,582, 69,582 (United States Dep't Agric. Nov. 30, 2004) (notice). From the date of this notice, the Trade Act of 2002 required eligible shrimpers to file an application by February 28, 2005 in order to qualify for benefits. See id. See generally 19 U.S.C. § 2401e(a)(1); 7 C.F.R. §§ 1580.102, 1580.301(b). Mrs. Truong filed her application for benefits on March 21, 2005 – some

---

[3]The facts of this case are more fully detailed in the court's earlier decision. Truong, 30 CIT __, Slip. Op. 06-150. Here, the court recounts only those facts relevant to its review of the remand determination.

21 days after the deadline.  Citing the untimeliness of her application, the United States Department of Agriculture's Farm Service Agency ("FSA") denied Mrs. Truong's application on May 3, 2005.

Subsequently, Mrs. Truong brought suit before the court, claiming that the FSA did not properly provide her with notice of the recertification of benefits, as required by 19 U.S.C. § 2401d,[4] and contending therefore that the filing deadline should be equitably tolled.  Although Mrs. Truong did not initially raise an adequacy of notice defense before the agency, Mrs. Truong attached an affidavit to her Cross-Motion for Summary Judgment in which she attests that she had no notice of the filing deadline, due in part to being out at sea regularly between November, 2004 and March, 2005.  Aff. Kyong Truong (Mar. 27, 2006).  Because the Secretary had not considered Mrs. Truong's claim for equitable tolling, the court remanded the matter, instructing the government to make findings of fact as to (a) whether the FSA complied with its statutory duty to notify Mrs. Truong of the recertification, (b)

---

[4]That provision provides in relevant part:

Notice of benefits
(1) In general
The Secretary shall mail written notice of the benefits available under this part to each agricultural commodity producer that the Secretary has reason to believe is covered by a certification made under this part.

19 U.S.C. § 2401d(b)(1).

whether Mrs. Truong had actual notice of the recertification, and
(c) whether Mrs. Truong had shown due diligence after receiving
actual notice.  Truong, 30 CIT __, Slip. Op. 06-150 at 13-14.

On remand, the Secretary considered additional evidence, see
Second Supp. List Docs. Constituting Admin. R. ("Second Supp.
Admin. R.), but did not enter into the administrative record Mrs.
Truong's affidavit. Id.  The Secretary's remand determination found
that FSA gave notice to Mrs. Truong of her eligibility for benefits
and the deadline for applying therefor, that Mrs. Truong had actual
notice of the deadline, and that Mrs. Truong has not shown that she
exercised due diligence and is therefore ineligible for TAA cash
benefits.

**DISCUSSION**

## A. The Secretary's Finding that the FSA Notified Mrs. Truong of the Deadline is not Supported by Substantial Evidence on the Record

In its remand determination, the Secretary found that the FSA
had satisfied its statutory duty under 19 U.S.C. § 2401d to notify
Mrs. Truong of her eligibility for trade adjustment assistance and
the deadline for applying for these benefits.  The evidence the
Secretary relied upon in so finding has now been placed in the
administrative record, which, despite Mrs. Truong's objections, the
government properly reopened in order to make its factual
determinations. See, e.g., Anderson v. United States Sec'y of
Agriculture, 30 CIT __, __ (2006), 429 F. Supp. 2d 1352, 1356
(remanding for agency to "re-open the record and obtain all

evidence reasonably necessary to ensure that its administrative record is complete").

    The government's new evidence contains, <u>inter alia</u>, a list of 2,370 addresses, including that of Mrs. Truong. Second Supp. Admin. R. Doc. 8.  Also included were invoices for the processing of and postage for the Brazoria-Galveston Newsletter for the months of December, January, and February, showing that approximately 1,750 newsletters were sent out for each of those months.[5] Second Supp. Admin. R. Docs. 2-7.  Because Mrs. Truong's address was on the list of 2,370 addresses, the Secretary concluded that the FSA had sent Mrs. Truong the Brazoria-Galveston Newsletter for those three months.[6] The record established, however, that approximately 600 fewer newsletters were posted and processed than there were addresses, <u>see</u> Court's Letter to Counsel (Dec. 8, 2006), and different numbers of newsletters were processed and posted in different months, <u>see</u> Court's Letter to Counsel (Jan. 26, 2007). Faced by the facts on record, the court requested further briefing

---

    [5] Specifically, the number of newsletters for which processing/postage fees were incurred for the three months were 1,774/1,746 for December, and 1,781/1,751 for both January and February. Second Supp. Admin. R. Docs. 2-7.  There is no explanation in the record for the difference between the number of newsletters processed and the number posted in each month.

    [6]The Brazoria-Galveston County Newsletters for the months of December 2004, January and February 2005 are included in the Supplement to the Administrative Record at pages 8-10.  The newsletters, put out by the FSA, include notification of the Secretary's certification of shrimpers and the deadline for filing an application for benefits.  Supp. Admin. R. at 8-10.

on these issues.

In response to the court's request, the government filed supplemental briefing and attached an affidavit from the County Executive Director of the Brazoria County FSA office, Janet Sronce, see Aff. Janet Sronce, Attach. To Def.'s Resp. Ct.'s Q. ("Sronce Aff."). The affidavit explained that only one newsletter is sent to each household, though each individual producer's name is listed separately on the address list, thus offering a plausible explanation for the discrepancies between the address list and the processing and postage numbers.[7] However, Ms. Sronce also explained that the address list containing Mrs. Truong's address was not necessarily identical to the list(s) used from December, 2004 through February, 2005, "because this list is updated on a regular basis." Sronce Aff. at ¶5. The government's briefing confirms that "[t]he record contains the most updated address list at the time of filing the record." Def.'s Resp. Ct.'s Supp. Q. 2. There is therefore a gap in the record chain of causality upon which the government bases its remand determination concerning notice to Mrs. Truong. Specifically, there is no evidence that Mrs. Truong's address was used to mail the newsletters during the relevant time frame. The remand results, however, contain no

---

[7]The court notes, however, that the affidavit does not indicate how newsletters are addressed for a household with multiple producers in residence. Thus, the government's statement of its practice may also provide evidence that notice is not given to each producer.

discussion of this gap in the record.  Rather, the record leaves open the possibility that Mrs. Truong's name was not on the list during the relevant months, and was only added later. Nevertheless, the Secretary found that "Mrs. Truong's name and address appear on <u>the</u> mailing list for <u>the</u> newsletter" and "[t]he invoices for processing and postage for the December newsletter are dated December 20, 2004." Remand Det. at 1 (emphasis added).[8] Thus, the government implied that the address list in the record corresponds to the processing and postage invoice for December, 2004, (and the following months) without acknowledging or weighing other possibilities.   Indeed, the Sronce Affidavit, which only explains, but does not cure, the discrepancy, was prepared for this litigation, not during agency fact-finding on remand.   Therefore, the agency's determination as stated on remand is not supported by substantial evidence in the record.

In addition, the agency's methodology during remand does not meet the "threshold requirement of reasonable inquiry" for TAA claims, without which the government's determinations "cannot constitute substantial evidence upon which a determination can be affirmed." <u>Former Employees of Hawkins Oil & Gas, Inc. v. United</u>

---

[8]The Remand Determination contains a similar assertion for January, 2005, that "[t]he invoices for processing and postage for the January newsletter are dated January 24, 2005," Remand Det. at 2, and for February, 2005, that "[t]he invoices for processing and postage for the February newsletter are dated February 18, 2005." <u>Id.</u>

States Sec'y of Labor, 17 CIT 126, 130, 814 F.Supp. 1111, 1115 (1993) (ordering the Secretary of Labor to certify a group of workers when despite multiple remands, the agency "repeatedly ignored the Court's instructions to conduct a more thorough investigation"); Former Employees of Sun Apparel v. United States Sec'y of Labor, 28 CIT __, __, Slip. Op. 04-106 at 15 (Aug. 20, 2004); Anderson v. United States Sec'y of Agriculture, 30 CIT at __, 429 F. Supp. 2d at 1353.

In fact, the government chose to ignore conflicting evidence: namely, the Truong affidavit, which the government declined to enter into the record. In the affidavit, Mrs. Truong states that "[d]uring the period [between November, 2004 and March, 2005], I was not contacted or informed, by the [United States Department of Agriculture] or its agents, or otherwise made aware that the [United States Department of Agriculture] had recertified Texas shrimpers for Trade Adjustment Assistance for the marketing year 2003." Truong Aff. at ¶6. Further investigation was warranted. See Anderson, 429 F. Supp. 2d at 1355-56 (discussing agency's duty to investigate contradictory and inconsistent information); see also Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951) (evidence supporting an agency's position must be "viewed in the light that the record in its entirety furnishes," including contradictory evidence).

The government further argues that notwithstanding the

uncertain reliability of the address list, "it is reasonable to conclude that actual notice was mailed based upon the allowable assumption that the County Executive Director properly performed her duty of providing notice." Def.'s Resp. Ct.'s Supp. Q. 2 (citation omitted).  However, nothing on the record shows that the Secretary's determination that Mrs. Truong was mailed notice was based on an assumption that the Executive Director properly performed her duty of providing notice.  Rather, this argument is a post-hoc rationalization for Agency action, and as such, cannot stand. See Anderson v. United States Sec'y of Agric., 30 CIT __, __, 462 F. Supp. 2d 1333, 1341 (2006) (quoting SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)).  Furthermore, to reason that agency officials are presumed to perform their duties and that therefore Mrs. Truong was properly notified is mere ipsedixitism, not the factual findings that this court directed the government to make. See Truong, 30 CIT __, Slip. Op. 06-150.

**B. The Secretary's Determination that Mrs. Truong had Actual Notice of Benefits is not Supported by Substantial Evidence**

The Secretary also determined on remand that Mrs. Truong had actual notice of the TAA program based on the fact that she had "prepared multiple applications during the few lulls that fishermen have while they are out to sea." Remand Det. at 3, quoting P.'s Opp. Mem. 3.  Here again, the government chose not to acknowledge or weigh conflicting information.  The government focused on

arguments Plaintiff made before the court, but did not consider the
Truong Affidavit, which explains that between November, 2004 and
March, 2005, "I had in my possession multiple copies of the
application for Trade Adjustment Assistance, which I completed at
that time in anticipation of filing them upon returning permanently
to land and finding out the period for filing those applications
with the [United States Department of Agriculture]". Truong
Aff. ¶7. One possible interpretation of these statements is that
Mrs. Truong did not have notice, but was diligently preparing her
application in anticipation of receiving it. Because the
government did not enter Mrs. Truong's affidavit in the record, it
made no determination of the weight to give to this evidence.

        Although agencies have "considerable discretion" in
investigations of TAA claims, they still must meet the threshold of
reasonable inquiry discussed in section A, supra, Former Employees
of Hawkins Oil & Gas, Inc., 814 F.Supp. at 1115, and the Secretary
must consider contradictory evidence, see Former Employees of Barry
Callebaut v. Herman, 25 CIT 1226, 1235, 177 F. Supp. 2d 1304, 1313
(2001) (ordering Labor to verify employer's sworn statements in the
face of contradictory evidence) (rev'd on other grounds at Former
Employees of Barry Callebaut v. Herman, 357 F.3d 1377 (Fed. Cir.
2004)); see also Former Employees of Kleinerts, Inc. v. Herman, 23
CIT 647, 654, 74 F. Supp. 2d 1280, 1288 (1999) (finding it
inappropriate to rely on unverified statements from company

officials when factual discrepancies exist in record); <u>see also</u>
<u>Universal Camera Corp.</u>, 340 U.S. at 488 (entirety of evidence must
be reviewed).   Here, the government did not meet the required
threshold when it refused to consider Mrs. Truong's contradictory
evidence.

**C. The Secretary's Determination that Mrs. Truong failed to show Due Diligence in Pursuing her Benefits is not Supported by Substantial Evidence**

When originally remanding this matter to the agency, this
court stated that "[i]f the FSA has failed to properly discharge
its statutory duty, then it is certainly understandable why a
person would remain justifiably ignorant of his or her claim."
<u>Truong</u>, 30 CIT at __, Slip. Op. 06-150, 12-13.   The court has
already found that the Secretary's determinations as to whether the
government discharged its statutory duty to notify Mrs. Truong of
her benefits is not supported by substantial evidence.   Therefore,
the government's rejection of Mrs. Truong's due diligence claim
must also fail.   The court once again notes that Mrs. Truong's
affidavit gives some evidence of diligence in pursuing her
benefits. Truong Aff. ¶7.   On remand, it is appropriate for the
Secretary to weigh that evidence when making factual findings.

## CONCLUSION

For the foregoing reasons, the court remands this matter for
further consideration consistent with this opinion.   The government

shall have until May 4, 2007, to provide a remand determination.

Plaintiff shall submit comments on the government's remand determination no later than May 25, 2007, and the government shall submit rebuttal comments no later than June 11, 2007. The government's motion to dismiss is denied.    SO ORDERED.


Dated:    April 4, 2007
          New York, N.Y.


                                        /s/ Donald C. Pogue___
                                        Donald C. Pogue, Judge

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.


Tina Potuto Kimble
Clerk of the Court


Date: _____     By: _____
                                            Deputy Clerk